# United States District Court

### SOUTHERN DISTRICT OF INDIANA

**UNITED STATES OF AMERICA**

v.

**MICHAEL DALE FLOYD**

**CRIMINAL COMPLAINT**

CASE NUMBER: 1:18-mj-1064

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief.

**Count 1**: From an unknown date to the present, in Hancock County, in the Southern District of Indiana and elsewhere, MICHAEL DALE FLOYD did commit receipt of child pornography, in violation of 18 U.S.C. § 2252(a)(2); and

**Count 2**: From an unknown date to the present, in Hancock County, in the Southern District of Indiana and elsewhere, MICHAEL DALE FLOYD did commit possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B).

I further state that I am a Task Force Officer, and that this complaint is based on the following facts:

**SEE ATTACHED AFFIDAVIT**

Continued on the attached sheet and made a part hereof.

_____
John Pirics, Task Force Officer (HSI)

Sworn to before me, and subscribed in my presence

October 25, 2018                                at   Indianapolis, Indiana
Date

Debra McVicker Lynch, U.S. Magistrate Judge                _____
**Name and Title of Judicial Officer**                              **Signature of Judicial Officer**

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Task Force Officer John Pirics, being duly sworn, hereby depose and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1. **Affiant**: I am employed as a Detective with the Carmel Police Department, and I am currently assigned to the Hamilton County Metro Child Exploitation Task Force. I have been employed by the Carmel Police Department as an officer since 1995. I have received extensive training in child sexual exploitation investigation from several sources, including the Internet Crimes Against Children Task Force, the Purdue University Cyber Forensics program, the United States Attorney's Office, and the National Center for Missing and Exploited Children. I have written numerous search warrants involving internet crimes against children cases and participated in their execution. I am currently assigned to operate in an undercover capacity on the Internet to identify and investigate persons attempting to exploit or solicit sexual acts with children or trafficking in child pornography. I am also a cross-designated task force officer with US Homeland Security Investigations (HSI) (formerly US Immigration and Customs Enforcement, Office of Investigations).

2. **Probable Cause:** For the reasons listed below, there is probable cause to believe that **Michael Dale Floyd** with a DOB of XX-XX-1962 (known to affiant, but redacted) has committed the following offenses in the Southern District of Indiana and elsewhere:

a. **Count 1: Receiving a Visual Depiction of a Minor Engaging in Sexually Explicit Conduct:** Within the Southern District of Indiana and elsewhere, **Michael Dale Floyd** knowingly received visual depictions, using any means or facility of interstate or foreign commerce, by any means including by computer, where the producing of such visual depiction involves the use of a minor engaging in sexually explicit conduct; and such visual depiction is of such conduct, including at least one visual depiction of a child who the Defendant knew to be prepubescent or less than 12 years of age, in violation of 18 U.S.C. § 2252(a)(2);

b. **Count 2: Possession of a Visual Depiction of a Minor Engaging in Sexually Explicit Conduct:** Within the Southern District of Indiana and elsewhere, **Michael Dale Floyd** knowingly possessed matter which contained any visual depiction that has been mailed, or has been shipped or transported using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce, or which was produced using materials which have been mailed or so shipped or transported, by any means including by computer, where the producing of such visual depiction involves the use of a minor engaging in sexually explicit conduct; and such visual depiction is of such conduct, including at least one visual depiction of a child who the Defendant knew to be prepubescent or less than 12 years of age, in violation of 18 § 2252(a)(4)(B).

3. **Child Pornography Trafficking (18 U.S.C. § 2252):** This investigation concerns alleged violations of 18 U.S.C. § 2252, which prohibits a person from knowingly transporting, shipping, receiving, distributing, reproducing for distribution, or possessing any visual depiction of minors engaging in sexually explicit conduct when such visual depiction was either mailed or shipped or transported in interstate or foreign commerce by any means, including by computer, or when such visual depiction was produced using materials that had traveled in interstate or foreign commerce. There are additional penalties for offenders who possession, distribution, receipt, reproduction, or transportation of visual depictions includes visual depictions of pre-pubescent children or children who are less than 12 years of age. There are also additional penalties for offenders who violate this section after they have a prior conviction for an offense under this chapter, section 1591, chapter 71, chapter 109A, or chapter 117, or under section 920 of title 10 (article 120 of the Uniform Code of Military Justice), or under the laws of any State relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward, or the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography, or sex trafficking of children.

4. **Definitions**: The following definitions apply to this Affidavit:

   a. The term "minor," as defined in 18 U.S.C. § 2256(1), refers to any person under the age of eighteen years.

   b. The term "sexually explicit conduct," 18 U.S.C. §

2256(2)(A)(i-v), is defined as actual or simulated (a) sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex; (b) bestiality; (c) masturbation; (d) sadistic or masochistic abuse; or (e) lascivious exhibition of the genitals or pubic areas of any person.

    c.    The term "visual depiction," as defined in 18 U.S.C. § 2256(5), includes undeveloped film and videotape, data stored on computer disc or other electronic means which is capable of conversion into a visual image, and data which is capable of conversion into a visual image that has been transmitted by any means, whether or not stored in a permanent format.

    d.    The term "computer," as defined in 18 U.S.C. § 1030(e)(1), means an electronic, magnetic, optical, electrochemical, or other high speed data processing device performing logical, arithmetic, or storage functions, and includes any data storage facility or communications facility directly related to or operating in conjunction with such device.

5.    **Investigation of Christopher Todd Dishman:** Your affiant received lead information from the National Center for Missing and Exploited Children (NCMEC) that indicated a cloud storage account was being used to store files depicting the sexual exploitation of children. The lead information provided a particular email address (**suspect email 1** (actual email account is known to Your affiant)) which was associated with the cloud storage account as well as the suspected child pornography in that account. The investigation

indicated that **suspect email 1** was also associated with a social media account belonging to Christopher Todd Dishman (**Dishman**) of Greenfield, Indiana.

6.     On October 23, 2018, your affiant and HSI Special Agent Michael Johnson went to **Dishman's** place of employment in Greenfield, Indiana. Upon contacting **Dishman** and explaining the lead information to **Dishman**, he admitted to having created and used the cloud storage account associated with the lead information to store child pornography. **Dishman** went on to admit to using other cloud storage accounts and an LG mobile device to access, store and view child pornography.

7.     **Dishman** initially said that he had left his LG mobile device at home. After a period of time, a co-worker of **Dishman's** entered the open break room where we were speaking with **Dishman** and gave **Dishman** an LG mobile device. I asked **Dishman** if this was the same LG mobile device that he had indicated that he left at home. **Dishman** indicated that this was the device. **Dishman** granted consent for the search of the LG mobile device. **Dishman** said he first saw the child pornography in approximately 1996. **Dishman** admitted he started to receive the child pornography described herein in or about 2018.

8.     Upon searching the device, in the image and video gallery application was a folder called "mine". Inside the folder were at least twelve (12) videos, all of which appear to depict pre-pubescent children engaging in

sexually explicit conduct. **Dishman** admitted to possessing this folder and having viewed the files contained within.

9. **Dishman** admitted to having received files depicting child pornography from the social media application Tumblr. Specifically, **Dishman** said that he receives child pornography from the Tumblr account belonging to Mike Floyd of Greenfield, Indiana. **Dishman** went on to say approximately 3 to 4 days ago, he had been to Floyd's residence located at an address in Greenfield he identified to the affiant. **Dishman** said that Floyd had shown **Dishman** a video depicting child pornography from a laptop computer in Floyd's bedroom. **Dishman** said that the video shown to him by Floyd was also present on **Dishman's** LG mobile device. **Dishman** identified the video on his LG mobile device. The video depicts a toddler age female victim who is nude and lying on her back. The adult male appears to be attempting to insert his penis into the victim's vagina. The male then ejaculates on the child's genital area.

10. **Investigation of Michael Dale Floyd:** Based on the above information, State search warrants were issued for the body of **Michael Dale Floyd (Floyd)** and his residence, which is located in **Greenfield, IN 46140.**

11. On October 24, 2018, Special Agent Johnson and I met with **Floyd** at his place of employment in Greenfield, IN. We identified ourselves both verbally and by displaying our credentials. **Floyd** was made aware of the investigation and the search warrants, at which time he surrendered his phone

which he had been holding in his hand. **Floyd** was read his Miranda rights which he waived by signature.

12. During our conversation with **Floyd**, he admitted receiving and collecting files of child pornography using both his phone and laptop computer. He also confirmed that earlier in the week he and **Dishman** were together at **Floyd's** residence where they watched a video of child pornography that was playing on **Floyd's** laptop computer.

13. **Floyd's** laptop computer was located during the search at his residence **in Greenfield, IN 46140.** During a forensic search of the laptop, a folder named "mine' was located. This folder contained multiple files of child pornography, and appeared to be the same folder that had been located on Dishman's phone during the consensual search on October 23. Two additional folders containing files of child pornography were located on the laptop during the search. These folders were named "all mb" and "downloads". During the preview dozens of videos depicting child pornography were located. Three of the videos are described below:

**Video Jan 23, 3 33 03 AM.mp4** – This is a video file approximately twelve seconds in length. The video depicts the erect penis of what appears to be an adult male being placed inside of an infant's mouth.

**Video Jan 23, 2 09 45 AM.mp4** – This is a video file approximately one minute and five seconds in length. It depicts a toddler aged male child performing oral sex on what appears to be an adult male.

**VID_20171024_114411.mp4** – This is a video file approximately eight seconds in length. The video depicts what appears to be an adult male ejaculating into the mouth of a toddler aged female child.

14. **Conclusion:** Based upon the contents of this Affidavit, there is probable cause to believe that **Michael Dale Floyd** has committed the above listed offenses. I respectfully request that the Court issue a Criminal Complaint and Arrest Warrant for **Michael Dale Floyd** charging him with the offenses listed above.

_____
John Pirics, Task Force Officer
Homeland Security Investigations

Subscribed and sworn before me this 25th day of October, 2018

_____
Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana